# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

MARIUS D. SLOAN

        **Plaintiff,**

-vs-                                                    Case No. 6:11-cv-2000-Orl-19GJK

J. THOMAS MCGRADY, CHARLES A.
DAVIS, JR., CRAIG C. VILLANTI, JR.,
PATRICIA J. KELLY, RICKY POLSTON,
JORGE LABARGA, R. FRED LEWIS,
CHARLES T. CANADY, and JAMES E.C.
PERRY,

        **Defendants.**

_____

## ORDER

This case comes before the Court on the following:

1. Declaration of Indigency/Motion for leave to proceed *in forma pauperis* by Plaintiff Marius D. Sloan (Doc. No. 2, filed Dec. 16, 2011);

2. The Report and Recommendation of United States Magistrate Judge Gregory J. Kelly on the Declaration of Indigency/Motion for leave to proceed *in forma pauperis* (Doc. No. 3, filed Dec. 12, 2011); and

3. Objection to the Report and Recommendation of United States Magistrate Judge Gregory J. Kelly by Plaintiff Marius D. Sloan (Doc. No. 5, filed Jan. 4, 2012.)

## Background

On December 16, 2011, Plaintiff Marius D. Sloan ("Plaintiff") filed a Complaint against the Chief

Judge of Florida's Sixth Circuit Court, Thomas McGrady ("Judge McGrady"), judges of Florida's Second District Court of Appeal Charles A. Davis Jr., Craig C. Villanti Jr., and Patricia J. Kelly, and justices of the Florida Supreme Court Ricky Polston, Jorge Labarga, R. Fred Lewis, Charles T. Canady, and James E.C. Perry (collectively "Defendants"). (Doc. No. 1.) Plaintiff, proceeding *pro se,* brings suit against each individual judge or justice in their "official capacity" and alleges that Defendants "directly conspired to infringe injustice upon him in which [sic] violated his protected rights guaranteed by the United States Constitution." (Doc. No. 1 at 1.) Specifically, Plaintiff alleges the following: (1) the sentence imposed by Judge McGrady violates the Double Jeopardy Clause under the Fifth Amendment of the United States Constitution; (2) in entering a judgment for fines and costs, Judge McGrady deprived Plaintiff of life and liberty under the Fourteenth Amendment; (3) the Second District Court of Appeal "entered into a conspiracy with Judge McGrady" as it delayed in deciding Plaintiff's appeal within the requisite 180 days and, therefore, violated the Fourteenth Amendment;[1] (4) "[i]n furtherance of the alleged conspiracy, the Second District Court [of Appeal] committed libel by rendering a false opinion in *Sloan v. State,* 10 So. 3d 686 (Fla. Dist. Ct. App. 2009);" (5) the Florida Supreme Court also delayed in responding to Plaintiff's appeal in violation of Florida Rule of Judicial Administration 2.250(2) and the Fourteenth Amendment; and (6) the state courts conspired against Plaintiff "due to a racial and class-based invidiously discriminatory animus to deprive him of Due Process of the law and life and liberty." (Doc. No. 1 ¶¶ 70-75.)

Plaintiff also filed a Declaration of Indigency/Motion for leave to proceed *in forma pauperis*

---

[1] Florida Rule of Judicial Administration 2.250(2) governs time standards for the Florida Supreme Court and District Courts of Appeal. Rule 2.250(2) states the District Courts of Appeal and the Florida Supreme Court should render a decision "within 180 days of either oral argument or the submission of the case to the court panel for a decision without oral argument . . . ."

pursuant to 28 U.S.C. § 1915 (the "Motion"). (Doc. No. 2, filed Dec. 16, 2011.) The matter was referred to Magistrate Judge Gregory J. Kelly for review and issuance of a Report and Recommendation.

On December 21, 2011, Magistrate Judge Kelly issued a Report and Recommendation that the Motion be denied and the case be dismissed as frivolous in accordance with Title 28, section 1915, of the United States Code because Plaintiff's claims are barred by absolute judicial immunity ("the Report and Recommendation"). (Doc. No. 3.) On January 4, 2012, Plaintiff filed his objections to the Report and Recommendation. (Doc. No. 5.)

**Standard of Review**

When a motion is delegated to a magistrate judge under Title 28, Section 636(b), of the United States Code, the magistrate judge is required to submit a report to the district court and parties. 28 U.S.C. § 636(b). If a party makes a proper objection to the magistrate judge's report and recommendation, the district court must conduct a *de novo* review of the portions of the report to which the objection is made. Fed. R. Civ. P. 72(b)(3); *Macort v. Prem, Inc.,* 208 Fed. App'x 781, 783-84 (11th Cir. 2006) (quoting *Heath v. Jones,* 863 F.2d 815, 822 (11th Cir. 1989)). "It is critical that the objection be sufficiently specific and not a general objection to the report." *Macort*, 208 Fed. App'x at 784 (citing *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984)). The District Court may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge. Fed. R. Civ. P. 72(b)(3); *Macort,* 208 Fed. App'x at 784 (quoting *Heath,* 863 F.2d at 822). When conducting its *de novo* review, "the district court's consideration of the factual issues [must] be independent and based upon the record before the court." *Macort,* 208 Fed. App'x at 784 (quoting *LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988)).

Pursuant to Title 28, Section 1915, of the United States Code, federal district courts are required to conduct an initial screening of civil complaints filed *in forma pauperis.* 28 U.S.C. § 1915. A motion

to proceed *in forma pauperis* enables the plaintiff to pursue his or her action without prepayment of fees or costs. *Id.* The pauper's affidavit, however, should not be a "broad highway into federal courts." *Phillips v. Mashburn,* 746 F.2d 782, 785 (11th Cir. 1984) (internal citation omitted). Indigence does not create a constitutional right to expend public funds and the valuable time of the courts in order to prosecute an unmeritorious action. *Id.* The district court is authorized to "dismiss the case if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A lawsuit is considered frivolous if the plaintiff's realistic chances of ultimate success are slight. *Clark v. Ga. Pardons & Paroles Bd.,* 915 F.2d 636, 639 (11th Cir. 1990). Legal theories are frivolous when they are "indisputably meritless." *Neitzke v. Williams,* 490 U.S. 319, 329 (1989); *Battle v. Cent. State Hosp.,* 898 F.2d 126, 129 (11th Cir. 1990).

The United States Supreme Court has explained that a federal district court's authority to dismiss a case under Title 28, Section 1915, of the United States Code is "designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." *Neitzke,* 490 U.S. at 327. The court continued, "[t]o this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.* Examples of such claims include "claims against which it is clear that the defendants are immune from suit," "claims of infringement of a legal interest which clearly does not exist," and "claims describing fantastic or delusional scenarios." *Id.* at 327-28.

**Analysis**

Plaintiff makes the following objections to Magistrate Judge Kelly's Report and Recommendation: (1) "the Magistrate's report overlooked the constitutionality of the Complaint and the violations thereof- disregarded to research Florida Statutes and Rules and Procedures;" (2) "the Magistrate's report failed to consider that U.S. Const. amend. XI pertains to suits brought under 42 U.S.C. 1983 to where 'absolute immunity' is then enacted;" (3) "Plaintiff's evidence bestows the burden of proof to the allegations therein the Complaint;" and (4) "Plaintiff isn't seeking monetary compensation for the acts within the alleged conspiracy but only ratification therefor." (Doc. No. 5 at 1-2.) None of Plaintiff's objections, however, are directed towards the specific findings in the Report and Recommendation.[2] (*See* Doc. No. 5.

After reviewing the record, the Court agrees with Magistrate Judge Kelly that "absolute judicial immunity operates as an 'obvious bar' to Plaintiff's allegations." (Doc. No. 3 at 5.) "Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity . . . ." *Bolin v. Store,* 225 F.3d 1234, 1239 (11th Cir. 2000) (quoting *Stump v. Sparkman,* 435 U.S. 349, 356-57 (1978); *Simmons v. Conger,* 89 F.3d 1080, 1084-85 (11th Cir. 1996)). Absolute judicial immunity applies "even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *Id.* Additionally, judicial immunity is absolute immunity not only from damages, but also from suit itself. *Mireles v. Waco,* 502 U.S. 9, 11 (1991). The doctrine of absolute judicial immunity is based on the principle that judges should "be free to act upon [their] own convictions, without apprehension of personal consequences . . . ." *Otworth v. The Fla. Bar,* 71 F. Supp. 2d 1209, 1217-18

---

[2] Plaintiff asserts that "'absolute immunity' that's been entitled to the defendants is the same as governmental immunity." (Doc. No. 5 at 2.) Plaintiff further engages in an analysis of sovereign immunity provided to the states under the Eleventh Amendment, but does not provide an argument why absolute judicial immunity does not bar Plaintiff's Complaint. (*Id.* at 2-3.)

(M.D. Fla. 1999) (citing *Stump*, 435 U.S. at 355)).

Judicial immunity may be overcome in only two instances. "First, a judge is not immune from liability for nonjudicial actions, i.e. actions not taken in the judge's judicial capacity." *Mireles,* 502 U.S. at 11 (citing cases). To determine whether a judge acted within his or her judicial capacity, the court must look to the nature of the act. *Otworth,* 71 F. Supp. 2d at 1218; *Stump,* 435 U.S. at 350 ("The factors determining whether an act by a judge is 'judicial' relate to the nature of the act itself (whether it is a function normally performed by a judge) and the expectation of the parties (whether they dealt with the judge in his individual capacity) . . . ."). The Eleventh Circuit has considered the following four factors when determining if a judge's actions were made in his or her judicial capacity: (1) whether the "act complained of constituted a normal judicial function;" (2) whether the "events occurred in the judge's chambers or in open court;" (3) whether the "controversy involved a case pending before the judge;" and (4) whether the "confrontation arose immediately out of a visit to the judge in his judicial capacity." *Sibley v. Lando,* 437 F.3d 1067, 1070 (11th Cir. 2005) (citing *Scott v. Hayes,* 719 F.2d 1562, 1565 (11th Cir. 1983)). In the present case, Plaintiff's allegations against Defendants clearly reflect actions taken by Defendants within their judicial capacities. *See Martin v. Meigs,* No. 09-0308-WS-N, 2009 WL 2473565, at *1 (S.D. Ala. Aug. 11, 2009) (describing the resolution of a case pending before a judge and the dismissal of a case by a judge as acts within a judge's judicial capacity for purposes of judicial immunity).

The second instance under which judicial immunity may be overcome occurs when the judge's actions, though possibly judicial in nature, are done in the complete absence of jurisdiction. *Mireles,* 502 U.S. at 12 (citing cases). When determining whether a judge has jurisdiction over the matter, "a court must construe jurisdiction broadly in favor of the defendant judge." *Otworth,* 71 F. Supp. 2d at 1218. Moreover, a judge may still be entitled to judicial immunity even when acting "in excess" of his or her

jurisdiction. *Lloyd v. Foster,* 298 Fed. App'x 836, 840 (11th Cir. 2008) (citing *Stump,* 435 U.S. at 356 n.7). For example,

> if a probate judge, with jurisdiction over only wills and estates, should try a criminal case, he would be acting in the clear absence of jurisdiction and would not be immune from liability for his action; on the other hand, if a judge of a criminal court should convict a defendant of a nonexistent crime, he would merely be acting in excess of his jurisdiction and would be immune.

*Id.* (citing *Stump,* 435 U.S. at 356 n.7).

In the present case, Plaintiff alleges that Defendants conspired against him based on racial and class-based animus and, acting in their official capacities, deprived him of Due Process of the law. (Doc. No. 1 at 11.) However, Plaintiff offers no support for this claim. Moreover, the absolute judicial immunity afforded to judges "applies when the judge is accused of conspiring to enter an unlawful order." *Algieri v. Ditter,* No. 6:08-cv-895-Orl-22KRS, 2008 WL 2824813, at *3 (M.D. Fla. July 21, 2008) (citing *Wilson v. Bush,* 196 Fed. App'x 796, 799 (11th Cir. 2006)). For example, in *Gottschalk v. Gottschalk,* No. 10-11979, 2011 WL 2420020, at *7 (11th Cir. June 16, 2011), the court determined that the judge's ruling in the case could not be considered in determining whether the judge entered into a conspiracy under 42 U.S.C. § 1983 because the judge was protected by the doctrine of absolute judicial immunity for those actions.

Furthermore, sentencing Plaintiff and entering a judgment for costs and fines against Plaintiff by the Sixth Circuit Court Judge, issuing an opinion affirming the denial of Plaintiff's motion to correct illegal sentence by the Second District Court of Appeal Judges, and dismissing Plaintiff's appeal by the Florida Supreme Court Justices are all within the scope of the judicial duties of the judges and justices in the respective courts. (*See* Doc. No. 5 at 6-7, 9, 10.) Because Defendants were acting within their judicial capacities and not in the clear absence of jurisdiction, Magistrate Judge Kelly correctly concluded that

absolute judicial immunity bars Plaintiff's allegations. (Doc. No. 3 at 5.)

Additionally, the Court adopts Magistrate Judge Kelly's recommendation to dismiss the case as frivolous. (*Id.*) A district court "may dismiss a claim based on absolute judicial immunity if it represents an 'obvious bar' based on the allegations in the complaint." *Williams v. Ala.,* 425 Fed. App'x 824, 826 (11th Cir. 2011) (citing *Sibley,* 437 F.3d 1067, 1070 n.2 (11th Cir. 2005)).

**Conclusion**

The Court **OVERRULES** Plaintiff's objections to the Report and Recommendation. (Doc. No. 5, filed Jan. 4, 2012.) The Report and Recommendation of Magistrate Judge Kelly (Doc. No. 3, filed Dec. 16, 2011) is **AFFIRMED**, Plaintiff's Motion to proceed *in forma pauperis* (Doc. No. 2, filed Dec. 16, 2011) is **DENIED**, and the case is **DISMISSED** as frivolous. The Clerk of the Court is directed to close this case.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on January __30__, 2012.

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record
Unrepresented Party